OPINION OF THE COURT
William H. Intemann, Jr., J.
This is a proceeding pursuant to CPLR article 78 which was initiated by the petition of Desmond Grant dated February 22, 1987 and sworn to by petitioner on February 23, 1987. Also before the court are respondents’ answer, dated March 18, 1987, and petitioner’s reply, dated March 25, 1987.
This matter relates to an incident which occurred at the Clinton Correctional Facility on October 15, 1986. The inci *477 dent apparently began when Correction Officers Hall and Dragoon were preparing to take petitioner Grant for a medical trip. Apparently the officers instructed petitioner that he would have to change to State regulation boots and shirt before he could be transported and petitioner was sent back to his cell for the purpose of changing his attire. Petitioner apparently did not change his boots and that refusal precipitated the incident in question. After petitioner’s refusal to change his boots, Sergeant Huckeba, Officer Huckeba and Officer Emery went to petitioner who was standing in front of his cell and an altercation ensued. Two misbehavior reports were filed against petitioner charging him with a violation of rule 100.10, assault, rule 100.20, disturbing the order of the facility, and two charges of violating rule 106.10, refusing to obey a direct order. A Tier III Superintendent’s hearing was commenced on October 20, 1986 and concluded on October 22, 1986, after which petitioner was found guilty of all of the charges and penalized by confinement to a special housing unit for one year and loss of one year of good time.
The specific factual issue involved in this proceeding was whether the inmate struck the officers first or whether the officers precipitated the physical altercation which occurred. Petitioner has alleged several procedural irregularities including the denial of one inmate witness, the denial of several correction officer witnesses, the denial of a request for the unusual incident report of the incident to be introduced in evidence at the hearing, and the denial of a "medical witness” to explain petitioner’s medical records. The petition requested annulment and expungement of the records of the disciplinary procedure, as well as restoration of petitioner’s good behavior allowance.
Respondents’ answer concedes that the failure to permit the requested inmate witness to testify, and the failure to permit at least one of the requested correction officers to testify was procedural error. Respondents deny that it was error to not permit the introduction of the unusual incident report or to call medical personnel to testify concerning petitioner’s prior medical history or physical condition after the incident.
It is clear that petitioner’s rights were grossly violated at the hearing of October 20 to 22, 1986. Although the Hearing Officer did interview three inmate witnesses, petitioner specifically requested on several occasions that an additional inmate be called as a witness and the Hearing Officer refused to call the additional inmate or to interview him. Petitioner was also *478 denied the right to call several correction officer witnesses, including the two correction officers who had the initial contact with petitioner immediately prior to the incident in question, and which precipitated the conduct which resulted in the filing of the misbehavior reports. The Hearing Officer stated in writing that he would not permit Correction Officers Dragoon, Hall, Barcomb, Favro and Doyle to testify because he felt that their testimony would be redundant and he also felt that petitioner was requesting these people as witnesses as a stalling tactic. This was obvious error on the part of the Hearing Officer.
In addition, this court believes that the Hearing Officer should have permitted the introduction into evidence at the hearing of the unusual incident report, and that petitioner should have been allowed to review the report. Instead, the officer merely reviewed the unusual incident report himself and it is clear from the hearing record that he did not even have a clear recollection of what was contained in the report.
Since respondents have conceded that error occurred, the only issue before this court is how to dispose of this matter at the present time. Petitioner requests annulment and expungement. Respondents request that the matter be remitted for a new hearing. This issue has been before this court before. It is clear that when procedural error has occurred at an administrative hearing, remand for a new hearing is sometimes appropriate. This court will not determine that every time such error has occurred, annulment and expungement is the only remedy available. However, the determination must be made on a case-by-case basis. Among the factors to be considered in deciding whether or not to order a new hearing are the possible unavailability of witnesses, the lapse of a significant period of time, and whether petitioner has already satisfied the bulk of his penalty. (See, Matter of Vogelsang v Coombe, 105 AD2d 913, affd 66 NY2d 835.) This court believes that the quantum of legal and procedural errors which have occurred at the hearing level must be considered in making its decision.
Many instances of procedural error, although requiring reversal, can be corrected by a new hearing. Thus, the failure to call a single requested witness, in error, can be corrected by requiring a new hearing in which, presumably, the required witness can be called to testify. However, in other circumstances where numerous or gross errors have occurred, remand would be inappropriate. The courts should not tolerate *479 the gross abuse of a litigant’s rights. If, where such a gross abuse has occurred, the courts merely remanded the matter for a new hearing, this type of activity would be encouraged rather than discouraged. Therefore, this court feels that where the totality of procedural error reaches such a level as to constitute intolerable infringement upon a litigant’s rights, remand for a new hearing is not the proper remedy.
In the instant case, this court finds that the quantum of procedural error does rise to a level which requires reversal and expungement, without a new hearing. The Hearing Officer, in the face of continued demands by petitioner, refused both an inmate witness and several correction officer witnesses whose testimony could easily have been crucial to the petitioner’s position. The denial of such witnesses was totally unjustified. Furthermore, the Hearing Officer refused to permit the introduction into evidence of the unusual incident report of the incident in question, and refused to permit the petitioner to view the report.
For the reasons stated above, it is, therefore, the decision of this court, and it is hereby ordered, that the determination of respondents is hereby annulled and respondents are directed to expunge all references to the proceeding from the petitioner’s file and to restore the good behavior allowance lost.